IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

RODNEY LEDLOW, #137 631         *
A/K/A STAN LEDLOW
                                                *
      Plaintiff,
                                                *
        v.                                   2:08-CV-269-WKW
                                                *           (WO)
STATE OF ALABAMA, *et al.*,
                                                *
      Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the *pro se* inmate Plaintiff asserts that the "Criminal Sexual Offender Notification Act" ["the Act"][1] is unconstitutional as applied to him. Specifically, Plaintiff complains that application of the Act infringes upon his constitutional rights to due process and equal protection. He further agues that the Act imposes unconstitutional punishment under the Ex Post Facto Clause. Among the named defendants are the State of Alabama, the Alabama Board of Pardons and Paroles, and the Alabama Attorney General's Office. Upon review of the complaint, the court concludes that Plaintiff's claims against these defendants are subject to dismissal in accordance with the

---

[1] The court understands Plaintiff to be referring to the Alabama Community Notification Act, *Ala. Code* 1975 § 15-20-20 et seq. (1975, as amended).

provisions of 28 U.S.C. § 1915(e)(2)(B).[2]

## DISCUSSION

The State of Alabama, the Alabama Board of Pardons and Paroles, and the Alabama Attorney General's Office are not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989). Thus, Plaintiff's claims against these defendants are "based on an indisputably meritless legal theory" and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff claims against the State of Alabama, the Alabama Board of Pardons and Paroles, and Alabama Attorney General's Office be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

2. The State of Alabama, the Alabama Board of Pardons and Paroles, and the Alabama Attorney General's Office be DISMISSED as parties to this cause of action; and

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

3.  This case, with respect to Plaintiff's remaining claims against Attorney General Troy King be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before **May 12, 2008.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 28th day of April 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE