IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

RODNEY LEDLOW, #137 631  \*
A/K/A STAN LEDLOW
                                              \*

    Plaintiff,
                                              \*

    v.                                              2:08-CV-269-WKW
                                              \*         (WO)

TROY KING,
                                              \*

    Defendant.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Rodney Ledlow, a/k/a Stan Ledlow ["Ledlow"], a state inmate, alleges that the Alabama Community Notification Act ["the Act"], *Ala. Code* 1975 § 15-20-20 et seq. (1975, as amended), is unconstitutional as applied to him. Specifically, Ledlow complains that application of the Act infringes upon his constitutional right to due process and imposes unconstitutional punishment under the *Ex Post Facto* and Double Jeopardy Clauses. Troy King, Attorney General for the State of Alabama, is the named defendant. Ledlow requests release from the Act's notification requirements which were enacted after he was sentenced, full rights under Alabama law as afforded similarly situated individuals who were convicted prior to enactment of the Act, and injunctive relief to enjoin any stigma against his name and character as a result of the Act's registration requirements. (*Doc. No. 1.*)

Pursuant to the orders of this court, Defendant filed an answer, special report, and

supporting evidentiary material addressing Plaintiff's claims for relief. (*Doc. No. 14*.) The court then informed Ledlow that Defendant's special report may, at any time, be treated as a motion for summary judgment, and the court explained to Ledlow the proper manner in which to respond to a motion for summary judgment. Ledlow filed a response to the special report filed by Defendant. (*Doc. No. 17*.) This case is now pending on Defendant's motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Ledlow's opposition to the motion, the court concludes that Defendant's motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir.2007) (*per curiam*) (quoting Fed.R.Civ.P. 56(c)). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence showing there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden

of proof. *Id.* at 322-324.

Defendant has met his evidentiary burden and demonstrated the absence of a genuine issue of material fact. Thus, the burden shifts to Plaintiff to establish, with evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Celotex*, 477 U.S. at 324 (non-movant must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'"); Fed.R.Civ.P. 56(e) ("When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response ... must set forth specific facts showing that there is a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S.521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006). Consequently, to survive Defendant's properly supported motions for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely

colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not provide sufficient evidence to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging a defendant's actions); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents

insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248. "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts,

a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Ledlow fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

## II. DISCUSSION

Ledlow is incarcerated on a conviction for first degree rape entered against by the Circuit Court for Jefferson County, Alabama, in 1984. As a result of that conviction, Ledlow is subject to application of the Alabama Community Notification Act according to its terms. Ledlow's current release date is September 18, 2010. (*See Doc. No. 14 and attachments*.) Thus, the claims presented in the instant action challenging the constitutionality of the Alabama Community Notification Act relate to possible future application of the Act. Under the facts of this case and applicable federal law, the court concludes that these claims are not ripe for adjudication. *Kirby v. Siegelman*, 195 F.3d 1285, 1289-1290 (11th Cir. 1999).

> As part of the "case or controversy" requirement of Article III, a party must suffer injury or come into immediate danger of suffering an injury before challenging a statute. *See O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Essentially, the ripeness requirement "prevent[s] the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). The ripeness requirement prevents courts from interfering with legislative enactments before it is necessary to do so, and enhances judicial decision-making by ensuring that cases present courts with an adequate record for effective review. *Id.* Ripeness requires the weighing of two factors: (1) the hardship to the parties of withholding court consideration; and (2) the fitness of the issues for judicial review. *Id.* at 139, 87 S.Ct. 1507.

> In *Artway v. Attorney General of State of N.J.,* 81 F.3d 1235 (3rd Cir. 1996), the Third Circuit thoroughly examined the ripeness requirement as applied to New Jersey's community notification law. *Artway* involved a convicted sex offender who sought an injunction against the enforcement of a New Jersey statute requiring certain convicted sex offenders to register with local law enforcement officials. Additionally, the statute provided for community notification upon the release of certain sex offenders. The district court upheld the registration component of the statute, but enjoined enforcement of the community notification provision. On appeal, the Third Circuit held that the challenge to the notification aspects of the statute was not ripe. We agree with the reasoning of the Third Circuit, and follow its analysis in considering the State's argument that [the Ledlow's constitutional] challenges are not ripe.

*Id*.

This court must first consider whether Ledlow "has suffered injury or come into immediate danger of suffering injury. *Artway v. Attorney General of State of N.J.*, 81 F.3d 1235, 1246 (3rd Cir. 1996). This factor inquires whether a credible threat of injury exists, or rather a mere speculative threat insufficient for Article III purposes. *See Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979)." *Kirby*, 195 F.3d at 1290. Ledlow's challenge to the registration and notification provisions of the Act does not, at this time, meet this element of the ripeness requirement. Ledlow's scheduled release is still more than one year away.[1]  This court "may not pass upon hypothetical matters." *Id*. The court further finds that Ledlow "faces no hardship from [this court's] denying review of his . . . challenge[s] at this point; he is not going anywhere and

---

[1] The requirements of the Act only come into play 45 days prior to a criminal sex offender's release from prison. *See* Ala. Code § 15-20-22(a).

his prior . . . conviction record is not going to change." *Id*. *See also United States v. Veal*, 322 F.3d 1275, 1278 (11th Cir. 2003) (challenge to term of supervised release which required compliance with state sex offender laws not ripe because unclear whether law "would remain in effect and unamended" until defendant's release). Thus, Defendant is entitled to summary judgment.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendant's motion for summary judgment (*Doc. No. 14*) be GRANTED;

2. Ledlow's challenges to the Alabama Community Notification Act be DISMISSED without prejudice as these challenges are not yet ripe; and

3.  NO costs be taxed herein.

It is further

ORDERED that  on or before **May 20, 2009** the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 7th day of May, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE