IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RODNEY LEDLOW,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )    CASE NO. 2:08-CV-269-WKW [WO]
                                        )
STATE OF ALABAMA, *et al.*,             )
                                        )
            Defendants.                 )

## MEMORANDUM OPINION AND ORDER

The Magistrate Judge filed a recommendation in this case on May 7, 2009, that Defendant Attorney General Troy King's Report (Doc. # 14), construed as a motion for summary judgment, be granted, and that Plaintiff Rodney Ledlow's claims be dismissed without prejudice.[1]  (Recommendation 8 (Doc. # 21).)  Ledlow filed an objection to the recommendation.  (Doc. # 22.)  The portions of the recommendation to which a party objects are reviewed *de novo*.  28 U.S.C. § 636(b)(1).

The Magistrate Judge found that Ledlow's challenges to the registration and notification provisions of the Alabama Community Notification Statute (the "Act"), Ala. Code § 15-20-20 - § 15-20-28, are not ripe for review.  (Recommendation 7.) Ledlow alleges that the Act is unconstitutional as applied to him for imposing an unconstitutional punishment under the *Ex Post Facto* and Double Jeopardy Clauses, and for infringing his

---

[1] The Attorney General is the only Defendant remaining in this case.

right to due process.[2]  (Compl. 5 (Doc. # 1).)  His requested relief includes an order releasing him from the notification requirement, and injunctive relief to enjoin any stigma to his name and character resulting from registering.  (Compl. 6.)  He objects generally to the recommendation that the case be dismissed, and alternatively requests an abeyance until sixty days before the end of his sentence.[3]  (Objection ¶¶ 1-2.)

The recommendation is due to be adopted with this one clarification.  The recommendation relies on *Kirby v. Siegelman*, 195 F.3d 1285 (11th Cir. 1999) (*per curiam*).  In *Kirby*, the Eleventh Circuit affirmed the district court's finding that a plaintiff's constitutional challenges to the notification provisions of the Act were not ripe because they would not affect him until his release from prison years later.  *Id.* at 1289.  The court reasoned:

> [The plaintiff's] challenge to the notification provision of the Act cannot meet [the hardship] element of the ripeness requirement.  For the notification provision to affect [the plaintiff], there exists a 'crucial contingency,' [*Artway v. Attorney Gen. of State of N.J.*, 81 F.3d 1235, 1248 (3d Cir. 1996)], in that the Act must remain in effect and unamended until 30 days prior to [the plaintiff's] release from prison in the year 2005.  Whether this contingency will occur is a matter of speculation.  The Court may not pass upon hypothetical matters.  Moreover, [the plaintiff] faces no hardship from denying review of his notification challenge at this point; he is not going anywhere and his prior arrest and conviction record is not going to change.  Accordingly, we affirm the district court's dismissal of [the] claim on ripeness grounds.

---

[2] These constitutional challenges are the only ones alleged in Ledlow's Complaint.  Arguments made later with respect to unraised claims will not be considered.

[3] The Magistrate Judge denied Ledlow's request to place the action in abeyance.  (Doc. # 23.)

*Id.* at 1290.  The same analysis applies to the challenges in this case to the Act's notification provisions.  Ledlow's scheduled release for his sentence for first-degree rape is September 18, 2010.  (Doc. # 14-3.)  As the recommendation found, *Kirby* therefore forecloses challenges to the notification provisions of the Act at this time.

As the court in *Kirby* also noted, however, the plaintiff's challenges were only to the notification, not the registration, provisions of the Act.  195 F.3d at 1289 n.3.  And the case *Kirby* relied upon in its ripeness analysis, *Artway*, 81 F.3d 1235, distinguished between challenges to notification provisions, which the court found were unripe, and challenges to registration provisions, which the court found were ripe.  The registration law at issue in *Artway* required persons who, after enactment of the law, completed sentences for certain crimes involving sexual assault to register with local law enforcement.  *Id.* at 1243-44.

The distinction between the notification and the registration provisions was critical to *Artway*'s ripeness analysis.  Challenges to the notification provisions were not ripe because of the "crucial contingency" that to be subject to their requirements, a convicted sex offender had to be classified as moderate or high-risk, a finding that depended on later determinations made by the state prosecutor.  *Id.* at 1248.  The court held that the registration provisions, however, presented no similar contingency because an offender who will reside in a state *must* provide information to law enforcement, and, in the court's opinion, given the high profile nature of the law and case, enforcement was likely.  *Id.*  The court also found the

registration challenges satisfied the other prong of the ripeness analysis, fitness for review. *Id.* at 1249-50.

*Kirby* quoted *Artway*'s "crucial contingency" language, but the contingency in *Kirby* was *not* about the substance of the law, as it was in *Artway*.  *See Kirby*, 195 F.3d at 1290. The "crucial contingency" in *Kirby* was the fact that the Act "must remain in effect and unamended until 30 days[4] prior to [the defendant']s release from prison," and whether that contingency would occur was "a matter of speculation."  *Id.*  Thus, although *Kirby* does not address the Act's registration provisions, *Kirby*'s justification for finding the notification provisions unripe counsels dismissing challenges to the registration provisions on the same ground.

The Eleventh Circuit's later opinion in *United States v. Veal*, 322 F.3d 1275 (11th Cir. 2003) (*per curiam*), cited by the recommendation in support of its finding (Recommendation 8), supports interpreting *Kirby* to apply to the Act's registration provisions as well.  The defendant in *Veal* had challenged the constitutionality of Florida's sexual offender registration statutes.  The court did not explicitly distinguish between the notification and registration provisions, but held generally that "whether Florida's sexual offender registration statutes will remain in effect in their current form throughout [the defendant's] incarceration is a matter of speculation" and found the claim to be unripe for review.  *Id.* at 1278-79.

---

[4] This time period has since been changed but is still considerably less than a year.  *See* § 15-20-22 (as amended in 2009).

4

Likewise, because Ledlow is not scheduled for release for at least one more year, whether the registration provisions, like the notification provisions, will remain unchanged introduces a crucial contingency that renders his challenges to the provisions not ripe for review.

Accordingly, it is ORDERED that:

(1)     Ledlow's objection (Doc. # 22) is OVERRULED; and

(2)     The recommendation (Doc. # 21) is ADOPTED, and the case is DISMISSED without prejudice.  Ledlow may bring these claims when they are ripe for review.

DONE this 14th day of August, 2009.

          /s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE

5